[Cite as *State v. Hale*, 2012-Ohio-2662.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

STATE OF OHIO                         :

    Plaintiff-Appellee         :    C.A. CASE NO. 11CA0033

vs.                                   :    T.C. CASE NO. 10CR103

DOUG HALE                             :    (Criminal Appeal from
                                        Common Pleas Court)
    Defendant-Appellant        :

. . . . . . . . .

O P I N I O N

Rendered on the 15th day of June, 2012.

. . . . . . . . .

Andrew Wilson, Pros. Attorney; Lisa M. Fannin, Atty. Reg. No.
0082337, Asst. Pros. Attorney, 50 E. Columbia Street, 4th floor,
P.O. Box 1608, Springfield, Ohio 45501
    Attorneys for Plaintiff-Appellee

Antony A. Abboud, Atty. Reg. No. 0078151, 130 W. Second Street,
Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Doug Hale, appeals from his convictions for multiple sex offenses, which were entered on guilty verdicts returned by a jury. Defendant was sentenced to a prison term of from fifteen years to life. He filed a notice of appeal, and presents three assignments of error for review.

FIRST ASSIGNMENT OF ERROR

{¶ 2}  "THE GUILTY VERDICT(S) AGAINST THE DEFENDANT-APPELLANT WERE NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE."

{¶ 3}  We begin by identifying our standard of review with respect to the error assigned, which is applicable in relation to the presumption of correctness final judgments of the trial courts are afforded.

{¶ 4}  "Sufficiency" of the evidence refers to its logical capacity to demonstrate both the criminal conduct and the culpable mental state that the alleged criminal liability requires. The test is whether all or some part of the evidence that was admitted in the trial would, if believed, convince the average mind beyond a reasonable doubt that the defendant is guilty of committing the offense charged. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 5}  Defendant was convicted of two counts of Rape, R.C. 2907.02, two counts of Gross Sexual Imposition, R.C. 2907.05(A)(4), two counts of Sexual Battery, R.C. 2907.03(A)(5), two counts of Corrupting Another With Drugs, R.C. 2925.02(A)(4)(a), and two counts of Sexual Imposition, R.C. 2907.06(A)(1).  The Sexual Battery offenses were merged with the Rape offenses pursuant to R.C. 2941.25.

{¶ 6}  Defendant denied committing the offenses of which he was convicted.  On appeal, he argues that the State's evidence was therefore legally insufficient to support his convictions because that evidence consisted of accusations by the victims unsupported by corroborating evidence.  We find these contentions to themselves be insufficient to support the error Defendant assigns.

**{¶ 7}** A criminal conviction must be supported by evidence which, if believed, is sufficient on its face to prove every essential element of the offense charged beyond a reasonable doubt. To overcome the presumption of correctness which the conviction is afforded, a defendant who argues on appeal that the evidence was insufficient to support his conviction bears the burden of identifying on which essential element or elements of the offense or offenses the evidence was insufficient. To accomplish that, the defendant-appellant's brief on appeal must set out "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes and parts of the record on which appellant relies." App.R. 16(A)(7).

**{¶ 8}** Other than a few desultory references to inconclusive matters in the record, Defendant's brief on appeal is wholly lacking in arguing a basis for the error he assigns. We are then left to surmise why and how the State's evidence was insufficient, perhaps by reviewing the seven hundred page evidentiary transcript ourselves to determine whether the State's evidence was sufficient. That is not an acceptable alternative to Defendant's failure to present a basis on which the presumption of correctness is rebutted. On the argument presented, the presumption that Defendant's convictions were supported by sufficient evidence is not rebutted.

**{¶ 9}** The first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

**{¶ 10}** "THE VERDICT(S) AGAINST THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 11} "Weight" of the evidence refers to the inclination of the greater amount of the credible evidence presented in a trial to prove the issue established by the verdict that was reached. *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The test is whether that evidence is capable of inducing belief in its truth, and whether those truths preponderate in favor of the verdict according to the applicable burden of proof. *Id*.

{¶ 12} Defendant makes the same arguments in support of this assignment of error; that because he denied the charges, the State's evidence consisting of the uncorroborated allegations of the victims was unpersuasive. Defendant fails to explain how that evidence was unpersuasive of its truth or why those truths fail to preponderate in favor of his convictions.

{¶ 13} With respect to one of the two Sexual Imposition convictions, Defendant points to the testimony of the victim, A.V., who when asked, "Did he grope or grab your crotch at all?", replied, "I can't remember him doing that; but there might have been a time that he did it; but I really can't remember." (Tr. 376).

{¶ 14} The question and A.V.'s response followed her testimony that Defendant made highly inappropriate sexual remarks when the two were together in a car. When asked what else happened, A.V. testified:

> A. He would reach over and touch my breasts or if we would – he would do the same – like if I was to get up like the way the couch was set up, the couch – there was a coffee table in front of it, and the recliner was right next to the coffee table; and if I would get up to go toward the kitchen and I would try to climb over, you know I mean, walk past him, he would slap my

butt or something like that; or he would pinch the inside of my leg.

Q. Did he grope or grab at your crotch at all?

A. I can't remember his doing that; but there might have been a time that he did it; but I really can't remember.

Q. When he would do this, when he would grab your boobs or, you know, smack your butt or pinching the inside of your leg, would he say anything to you when he would do those things?

A. The same things, just . . .

Q. Same type of stuff that you already talked about?

A. Yeah.


Q. How did you play it off when he would actually touch you?

A. I would just kind of, you know what I mean, push away, laugh it off, because I didn't really know how to react to it in the first place. Nobody had ever done that to me; and like I said, he was – yeah, want to make a big deal of it and him being like my father, I wanted to keep thinking of him like that.

Q. And you liked him, right?

A. Yes. I loved him as my dad. I really did.

Q. And at this point, were you scared to do anything else to upset the family or upset Doug?

A. (Nods head.) Yes. (Tr. 376-377).

{¶ 15} A.V.'s lack of recollection with respect to the specific question she was asked by the prosecutor neither contradicts nor undermines her other testimony. Further, that testimony was capable of inducing belief in its truth, and those truths preponderate in favor of Defendant's conviction for Sexual Imposition because they demonstrate that Defendant had sexual contact with A.V., knowing that it was offensive to A.V. or being reckless in that regard. R.C. 2907.06(A)(1). "'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, . . . buttock, . . . or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶ 16} The second assignment of error is overruled.

THIRD ASSIGNMENT OF ERROR

{¶ 17} "THE TRIAL COURT MADE A SENTENCING ERROR BY NOT MERGING COUNTS ONE AND TWO, TOGETHER WITH COUNTS THREE, FOUR, FIVE AND SIX."

{¶ 18} R.C. 2941.25 provides:

{¶ 19} (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 20} (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 21} When determining whether two offenses are allied offenses of similar import

subject to merger, the court must ask (1) whether it is possible to commit one offense and commit the other with the same conduct, and, if the multiple offenses can be committed with the same conduct, (2) whether the offenses were committed by the same conduct. If the answer to both questions is yes, the offenses are allied offenses of similar import and will be merged. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. When convictions are merged, the defendant may be sentenced for but one. *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio–2, 922 N.E.2d 182.

{¶ 22} All of the offenses charged in the indictment were alleged to have occurred between February 24 and November 26, 2008. Defendant argues that the two Gross Sexual Imposition offenses charged in counts three and five and the two Sexual Battery offenses charged in counts four and six must therefore merge pursuant to R.C. 2941.25 because they were committed with the same animus.

{¶ 23} The object of the sex offenses prohibited by R.C. chapter 2907 is the sexual gratification of the actor and/or the victim, and in those respects those offenses share the same animus. Further, it is indisputably possible to commit the same statutory offenses by engaging in the same conduct. However, the further and more specific issue an allied offenses claim presents is whether the offenses were committed by the same conduct. *Johnson*. The fact that the offenses were committed within the same span of time, or even on the same date, is not conclusive of that issue.

{¶ 24} A defendant who argues on appeal that the trial court erred by not merging multiple offenses bears the burden to show not only that the offenses are allied offenses pursuant to R.C. 2941.25(A), but also that neither of the exceptions to merger of allied

offenses in R.C. 2941.25(B) applies. Merger is avoided by R.C. 2941.25(B) when the offenses were "committed separately" by not engaging in the same conduct to commit them.

{¶ 25} Defendant does not argue that any of the offenses he claims must merge were committed by engaging in the same conduct. Absent that commonality, and even when they share the same animus, merger of two or more violations of the same statutory offense is not mandated by R.C. 2941.25. *Johnson.*

{¶ 26} The third assignment of error is overruled. The judgment of the trial court will be affirmed.

FROELICH, J., And HARSHA, J., concur.

(Hon. William H. Harsha, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

**Copies mailed to:**

**Lisa M. Fannin, Esq.**
**Antony A. Abboud, Esq.**
**Hon. Richard J. O'Neill**