[Cite as *State v. Kuhbander*, 2012-Ohio-5315.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                    :          C.A. CASE NO.   24424

v.                                     :          T.C. NO.   10CRB11482

MOSES A. KUHBANDER                     :

    Defendant-Appellant                   :

                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____16th____ day of ____November____, 2012.

. . . . . . . . . .

TROY B. DANIELS, Atty. Reg. No. 0084957, Assistant City Prosecutor, 335 W. Third Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

ANTONY A. ABBOUD, Atty. Reg. No. 0078151, 130 W. Second Street, Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}**   Moses Kuhbander was convicted after a bench trial of aggravated

menacing, telecommunications harassment, and telecommunications harassment with aggravated menacing. The convictions were based on calls that he made from the Montgomery County Jail on October 28, 2010. Kuhbander was acquitted of several additional charges stemming from calls that he made on October 22, 23, and 31, 2010. After a presentence investigation, the trial court sentenced Kuhbander to 180 days in jail, with credit for 50 days served, for both the aggravated menacing and the telecommunications harassment, to be served concurrently. The court did not impose a sentence for telecommunications harassment with aggravated menacing. The trial court stayed Kuhbander's sentence pending appeal.

{¶ 2} Kuhbander's appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, he found no potentially meritorious issues for appeal. Counsel set forth one potential assignment of error, namely that Kuhbander's convictions were against the manifest weight of the evidence, based on the complainant's alleged lack of credibility. By entry, we informed Kuhbander that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. Kuhbander did not file a pro se brief.

{¶ 3} After an initial review of the record, we found no error with the trial court's conclusion that the complainant was a credible witness. However, we noted that the trial court had not expressly addressed whether any of Kuhbander's three convictions should have been merged as allied offenses of similar import. We ordered that new counsel be appointed to brief this issue; new counsel was permitted to raise any additional issues that

counsel believed, in his or her professional opinion, had arguable merit.

{¶ 4}    Kuhbander now raises one assignment of error on appeal, namely that the trial court "abused its discretion in failing to merge the counts of aggravated menacing, telecommunication harassment, and telecommunication harassment by aggravated menacing as allied offenses of similar import."

{¶ 5}    R.C. 2941.25 addresses the issue of merger and provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 6}    The Ohio Supreme Court's test for determining when offenses are allied offenses of similar import that must be merged pursuant to R.C. 2941.25 was set forth in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.  The supreme court held that, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered."  *Id.* at syllabus.  It explained:

Under R.C. 2941.25, the court must determine prior to sentencing

whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * *

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Citations and quotations omitted.) *Johnson* at ¶ 47-51.

**{¶ 7}** A defendant who argues on appeal that the trial court erred by not merging multiple offenses bears the burden to show that the offenses are allied pursuant to R.C.

2941.25. *State v. Hale*, 2d Dist. Clark No. 11 CA 33, 2012-Ohio-2662, ¶ 24.

{¶ 8} The State's evidence at trial established that in October and November 2010, Kuhbander was being held in the Montgomery County Jail on charges unrelated to these offenses. Between October 18 and November 11, 490 calls were attempted to be placed to the phone of James Fiedler from phones used by jail inmates. All of the calls were made from phones to which Kuhbander had access, during times at which he had access.

{¶ 9} When an inmate makes a call from the jail, the inmate has the opportunity to record his or her name, in order to inform the recipient of the call of the caller's identity. Rather than recording their names, however, some inmates make a number of calls with a series of very short messages.

{¶ 10} Fiedler, who had known Kuhbander for 15 years, testified that Kuhbander repeatedly called between October 22 and 28 to ask for his forgiveness for the burglary of Fiedler's home, which had occurred in September, and to ask for money for either a $25 phone card or for Kuhbander's jail account. Fiedler refused to provide money to Kuhbander. On October 28, Kuhbander made 19 calls to Fiedler, repeating his demand that money be placed in his (Kuhbander's) jail account and, after stating Fiedler's father's address, implicitly threatening to harm Fiedler's father if Fiedler failed to comply. The first call on October 28 was made at 8:40 p.m. and the last call was made at 10:53 p.m. Between October 28 and November 5 or 6, Fiedler received 45-60 additional calls from Kuhbander, 8-10 of which he "answered," i.e., he heard Kuhbander's messages. The messages included Fiedler's and Fiedler's father's addresses and told Fiedler to put $200 in Kuhbander's jail account if Fiedler wanted to avoid his father's "being visited." Fiedler contacted the police

on November 6.

{¶ 11}   After considering the evidence, the trial court found Kuhbander guilty of aggravated menacing, telecommunications harassment under R.C. 2917.21(B), and telecommunications harassment with aggravated menacing under R.C. 2917.21(A)(3). R.C. 2903.21(A), the aggravated menacing statute, prohibits persons from "knowingly caus[ing] another to believe that the offender will cause serious physical harm to * * * a member of the other person's immediate family."   The telecommunications harassment statute, R.C. 2917.21, further provides:

> (A)  No person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller does any of the following: * * *

> (3) During the telecommunication, violates section 2903.21 of the Revised Code; * * *

> (B)   No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person.

{¶ 12}   The State concedes that Kuhbander's offenses of aggravated menacing and telecommunications harassment under R.C. 2917.21(A)(3) were allied offenses of similar import.   The State emphasizes, however, that the trial court did not impose a sentence for Kuhbander's violation of R.C. 2917.21(A)(3).

{¶ 13}  As stated above, the court imposed a sentence for Kuhbander's violations of R.C. 2917.21(B) and R.C. 2903.21(A).  Although the trial court did not expressly state that it was merging the aggravated menacing charge with the violation of R.C. 2917.21(A)(3), the record reflects that the trial court elected not to impose a sentence for the violation of R.C. 2917.21(A)(3).  After informing Kuhbander of his sentence on the aggravated menacing and telephone harassment charges, the trial court specifically told Kuhbander that, on "the remaining charge, the court orders no jail time."  The judgment entry furthers shows that Kubhander was "convicted of" telephone harassment under R.C. 2917.21(A)(3), but no sentence was stated.  The court thus, in effect, merged the aggravated menacing and telephone harassment with aggravated menacing offenses for sentencing.  Although it would have been clearer if the trial court had expressly stated that it was merging the violation of R.C. 2917.21(A)(3) with aggravated menacing, we find no reversible error with respect to these offenses.

{¶ 14}  Kuhbander also claims that the aggravated menacing and the additional telecommunications harassment offense should have been merged.  He asserts that both offenses were committed when he made repeated calls to Fiedler.  He states that he "committed the act of calling and threatening as part of one animus, i.e. the multiple threatening telephone calls."

{¶ 15}  The evidence at trial reflects that Kuhbander committed telecommunications harassment and aggravated menacing through the same general conduct, namely the repeated telephone calls to Fiedler on October 28, and that he committed those offenses with a single animus.  Kuhbander repeatedly called Fiedler between 8:40 p.m. and 10:53 p.m., leaving

short messages during the course of those calls. The messages, taken as a whole, demanded money from Fiedler and implicitly threatened Fiedler's father if the demand were not met. Under the facts of this case, the series of threatening telephone calls constituted "a single act, committed with a single state of mind." Accordingly, the offenses of telecommunications harassment under R.C. 2917.21(B) and aggravated menacing should have been merged for sentencing.

{¶ 16} The assignment of error is sustained in part and overruled in part.

{¶ 17} The trial court's judgment will be affirmed in part and reversed in part, and the matter will be remanded for resentencing on the offenses of telecommunications harassment under R.C. 2917.21(B) and aggravated menacing.

. . . . . . . . . .

CELEBREZZE, J., concurs.

HALL, dissenting:

{¶ 18} Under the circumstances of this case, I believe the offenses of aggravated menacing, R.C. 2903.21(A), and telecommunications harassment under R.C. 2917.21(B), were committed by separate conduct and with a separate animus. Therefore I don't believe they merge as allied offenses.

{¶ 19} The defendant made repeated calls from the jail to the victim between October 22nd and 28th to ask for forgiveness for the burglary of the victim's home, and to ask for money in the form of a $25 phone card or money to be put in the defendant's jail account. That conduct alone was sufficient to have completed the offense of making a telecommunication "with purpose to abuse, threaten or harass another person. [R.C.

2917.21(B).]" Also on October 28[th], the defendant made 19 calls to the victim between 8:40 p.m. and 10:53 p.m. and left messages threatening to harm the victim's father. In the next week, the defendant made an additional 45-60 calls and the victim listened to about 8-10 of the messages which threatened to have the father "visited" if the victim did not put $200.00 in the jail account. This combination of conduct constituted the aggravated menacing, i.e., "knowingly cause another to believe that the offender will cause serious physical harm to * * * a member of the other person's immediate family. [R.C. 2917.21.]" Because there is separate conduct, I don't believe the offenses merge under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

{¶ 20} I also believe the offenses were committed with a separate animus. The evidence that between October 18 and November 11, 490 calls were attempted from the jail to the victim is indicative of intent to commit conduct by telecommunication that would annoy and harass the victim. At sometime on October 28th, that intent changed when the defendant began threatening to harm the victim's father. I would find this is a separate animus that, under *Johnson,* precludes merger. I therefore dissent.

. . . . . . . . . .

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Troy B. Daniels
Antony A. Abboud
Hon. Christopher D. Roberts