[Cite as *State v. Ayers*, 2012-Ohio-6038.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                    :          C.A. CASE NO.    25208

v.                                               :          T.C. NO.    11CR1478

DAVID L. AYERS, JR.                              :          (Criminal appeal from
                                                            Common Pleas Court)

    Defendant-Appellant                   :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___21st___ day of ___December___, 2012.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHARLES W. MORRISON, Atty. Reg. No. 0084368, 31 West Franklin Street, Dayton, Ohio 45459
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the Notice of Appeal of David L. Ayers,

filed May 24, 2012. Ayers appeals from the trial court's judgment entry of conviction, which imposed an aggregate sentence of three years, following Ayers' pleas of guilty to five counts of violating a protection order, all felonies of the fifth degree.

{¶ 2} On May 24, 2011, Ayers was indicted on a total of ten counts of violating a protection order, in violation of R.C. 2919.27(A)(1). Count One provides that the offense occurred "on or about April 11, 2011." Count Two provides that the offense occurred "on or about April 14." Count Three provides that the offense occurred "on or about April 15, 2011." Count Four provides that the offense occurred "on or about April 21, 2011." Count Five provides that the offense occurred "on or about April 23, 2011." Counts Six through Ten each provide that the offense occurred "between the dates of May 2, 2011 to May 11, 2011."

{¶ 3} Ayers entered his pleas on June 22, 2011. The trial court did not order a pre-sentence investigation, and Ayers was sentenced immediately following his pleas. At the start of the hearing, the following exchange occurred:

> THE COURT: * * * It's my understanding that there's going to be a plea of five (sic) of those counts. And the agreement is that there will be an agreed-upon sentence of three years to the Corrections Reception Center. And what I've told your attorney, Mr. Ayers, is that what I'll do is, I'll do the three-year sentence based upon the new case number, 2011-CR-1478 and I'll administratively terminate Case Nos. 2011-CR-392 and 2011-CR-577, the two cases in which you are serving a community control sanction. Is that what you want to do today?
>
> THE DEFENDANT: Yes (nodding head).

THE COURT: Yes?

THE DEFENDANT: Yes.

THE COURT: All right.  Let's go through the process then and I - - any particular counts that - -

MS. DENSLOW: I was intending to do one through five.

THE COURT: That's fine.  All right.  So, one - - you'll be pleading to Counts 1 through 5, with Counts 6 through 10 being dismissed.  Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And, Karen, I think that reflects our discussions; correct?

MS.  SHERLOCK: It does.

{¶ 4}    Later in the hearing, the following exchange occurred:

THE COURT: Would you please then discuss with Mr. Ayers the nature of the five counts he is entering pleas of guilty to this morning?

MS.  DENSLOW: * * *In Count 1, the State charges that on or about April 11th, 2011, in Montgomery County, Ohio, David L. Ayers, Jr. did recklessly violate the terms of a protection order issued in Montgomery County Common Pleas Court on October 13, 2010, for the victim pursuant to Section 2919.26 and 3113.31 of the Revised Code, said defendant having previously been convicted of or pled guilty to one or more violations of that same section or to a violation of a protection order issued pursuant to Section

2903.213 or 2903.214 of the Revised Code, that being the State of Ohio vs. David Ayers, Jr., Case No. 2011-CR-577 in Montgomery County Common Pleas Court on April 6th, 2011. That is in violation of Section 2919.27(A)(1) of the Ohio Revised Code and is a felony of the fifth degree.

Counts 2 through 5 are all identical in nature, the only variance being the dates. In Count 2, the date of the violation occurred on is April 14th, 2011. Count 3, the date is April 15th, 2011. Count 4, April 21st, 2011. And in Count 5, April 23rd, 2011.

**{¶ 5}** The court sentenced Ayers to 12 months on each Count. The court ordered that the sentences for Counts One, Two and Three be served concurrently to each other. The court further ordered that the sentences on Counts Four and Five be served consecutively to each other and consecutively to Counts One, Two and Three. After issuing the original judgment entry of conviction on June 24, 2011, the court issued an amended judgment entry of conviction on June 30, 2011, to accurately reflect the date upon which sentencing occurred. Ayers did not file a direct appeal from this judgment within 30 days as required by App.R. 4.

**{¶ 6}** On April 17, 2012, Ayers filed a pro se "Motion to Correct Illegal Sentence Pursuant to O.R.C. 2941.25(A) and O.R.C. 2953.08," asserting that the court erred in sentencing him to consecutive sentences for allied offenses of similar import. According to Ayers, his offenses "were all the result of a single state of mind on the part of the Defendant and ongoing circumstances arising from the failure of his marriage."

**{¶ 7}** On April 19, 2012, the trial court overruled Ayers' motion. The court noted

that the "State of Ohio and Mr. Ayers agreed upon a three year prison term." According to the court, "Ayers' contention that he was erroneously sentenced to consecutive sentences because the counts were allied offenses of similar import is incorrect. This argument, even if otherwise meritorious, is flawed because counts 1-5 all deal with a different offense occurring on different days. Counts 1 - 5 are simply not allied offenses of similar import."

{¶ 8} On May 24, 2012, Ayers filed a "Motion for Leave to File Delayed Appeal," in which he asserted that he did not timely appeal his original judgment of conviction due "to the need to research, time for which is limited du (sic) to incarceration and being transfered (sic) between institutions." The State filed a Motion to Dismiss on May 31, 2012, asserting that Ayers "failed to demonstrate a reasonable explanation of the basis for failure to perfect a timely appeal." On June 14, 2012, this Court granted Ayers' motion and overruled the State's motion to dismiss.

{¶ 9} Ayers asserts two assignments of error. His first assignment of error is as follows:

"THE TRIAL COURT ERRED BY FAILING TO CONSIDER AND APPLY ALL APPLICABLE STATUTES WHEN IT IMPOSED SENTENCE."

{¶ 10} According to Ayers, the "record in this case is completely devoid of any indication that the trial court ever considered the overriding purposes of felony sentencing prescribed in R.C. 2929.11. And, while the court does make reference to its consideration of the 'recidivism factors' in R.C. 2929.12, it made absolutely no mention of considering the seriousness factors that are also included in that statute."

{¶ 11} As this Court has previously noted, and as the State asserts, "'[o]nce a

defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify that sentence.' *State v. Haney*, Greene App. No. 06CA105, 2007-Ohio-5174." *State v. Little*, 2d Dist. Greene No. 2008-CA-76, 2009-Ohio-4328, ¶ 64. The record reflects that Ayers agreed to the three-year sentence, and accordingly, "[n]o further justification was required." *Id*. There being no merit to Ayers' first assigned error, it is overruled.

{¶ 12} Ayers' second assignment of error is as follows:

"THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO DETERMINE WHETHER THE OFFENSES TO WHICH APPELLANT PLEADED GUILTY WERE ALLIED OFFENSES OF SIMILAR IMPORT PRIOR TO IMPOSING SENTENCE."

{¶ 13} We initially note, in the statement of facts section in his brief, Ayers asserts that "[n]o representative of the State ever acknowledged that it was recommending a particular sentence, as opposed to simply deferring to the court's discretion in that regard," and that "the Court never inquired of the State as to its position regarding sentence." According to Ayers, he is not precluded from appealing this matter pursuant to R.C. Section 2953.08(D)(1). In response, the State asserts that "Ayers' sentence is not subject to review under R.C. 2953.08(D)(1)." According to the State, "because Ayers agreed to the three year-sentence as part of a negotiated plea agreement, he is foreclosed from appealing his sentence."

{¶ 14} R.C. 2953.08 governs appeals based on felony sentencing guidelines. R.C. 2953.08(D)(1) provides an exception to a defendant's ability to appeal and provides:

"A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "In other words, * * * an agreed-upon sentence may not be [appealable] if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-278, 922 N.E.2d 923, ¶ 16.

{¶ 15}    Ayers directs our attention to R.C. 2941.25, Ohio's multiple count statute. "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense." *Underwood*, ¶ 23. The statute provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶ 16}** The Supreme Court of Ohio has held as follows:

R.C. 2941.25(A) clearly provides that there may be only *one conviction* for allied offenses of similar import. Because a defendant may be convicted of only one offense for such conduct, the defendant may be sentenced for only one offense. This court has previously said that allied offenses of similar import are to be merged at sentencing. *See State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 43; *State v. McGuire* (1997), 80 Ohio St.3d 390, 399, 686 N.E.2d 1112. Thus, a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import. A defendant's plea to multiple counts does not affect the court's duty to merge those allied counts at sentencing. This duty is mandatory, not discretionary. Therefore, we conclude that when a sentence is imposed on multiple counts that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court. *Underwood*, ¶ 26.

**{¶ 17}** Ayers' "sentence is authorized by law only if it comports with all mandatory sentencing provisions," including R.C. 2941.25. *Underwood*, ¶ 23.

**{¶ 18}** "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at syllabus. The Supreme Court of Ohio explained:

Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * *

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge. (Citations and quotations omitted). *Johnson*, ¶ 47-51.

{¶ 19} "A defendant who argues on appeal that the trial court erred by not merging multiple offenses bears the burden to show that the offenses are allied pursuant to

R.C. 2941.25. *State v. Hale*, 2d Dist. Clark No. 11 CA 33, 2012-Ohio-2662, ¶ 24." *State v. Kuhbander*, 2d Dist. Montgomery No. 24424, 2012-Ohio-5315, ¶ 7.

{¶ 20} Ayers asserts, since "all five of the offenses at issue in this appeal are violations of the same statutory subsection, they are clearly offenses of similar import," and "due to the fact that this case was disposed of through a plea, evidence of Mr. Ayers' actual conduct was never presented to the trial court, precluding it from engaging in the second portion of the *Johnson* analysis."

{¶ 21} Ayers relies upon *State v. Little*, 2d Dist. Greene No. 2008-CA-76, 2009-Ohio-4328. Little pled guilty to two counts of conspiracy to commit the offense of trafficking in cocaine (Counts IV and V), in violation of R.C. 2923.01(A)(1) and R.C. 2925.03(A)(1), and two counts of conspiracy to commit the offense of trafficking in heroin (Counts III and VI), in violation of R.C. 2923.01(A)(1) and R.C. 2925.03(A)(1), and both parties informed the court that there was an agreed sentence of twelve years. R.C. 2923.01(F) provides: "A person who conspires to commit more than one offense is guilty of only one conspiracy, when the offenses are the object of the same agreement or continuous conspiratorial relationship."

{¶ 22} Little was sentenced to six years on each count. The sentences which involved conspiracy to commit trafficking in heroin, but over different periods of time, were ordered to be served concurrently. The sentences which involved conspiracy to commit trafficking in cocaine, but over different periods of time, were also ordered to be served concurrently. The two pairs of six-year sentences were ordered to be served consecutively, for an aggregate twelve year term. "The time periods specified in Counts III and IV of the

indictment, while involving different drugs, were the same; and the time periods specified in Counts V and VI of the indictment, while involving different drugs, were the same, although different from the time periods specified in Counts III and IV." *Little*, ¶ 42. This Court noted that "[n]othing in the transcripts of the plea hearing and the sentencing hearing provides any insight into the nature of conspiracies charged in Counts III, IV, V, and VI, beyond the bare bones of the indictment." *Id.*, ¶ 44. In other words, it was not clear whether the above offenses were "the object of the same agreement or continuous conspiratorial relationship." R.C. 2923.01(F)

{¶ 23} This Court remanded the matter, directing the trial court to hold a hearing "on the issue of whether any two or more of the conspiracy offenses to which Little has pled guilty must be merged." *Little*, ¶ 53. This Court noted that "the Ohio 8th District Court of Appeals held that it is plain error for a trial court to fail to hold a hearing on the issue of merger where the nature of the offenses suggests that merger might be required, and the facts before the trial court, at the time of sentencing, do not permit a determination of that issue. *State v. Latson* (1999), 133 Ohio App.3d 475, 728 N.E.2d 465. That case * * * involved a guilty plea to multiple offenses, a silent record on the merger issue, and the defendant's failure to raise the issue in any form before sentencing." *Id.*, ¶ 51.

{¶ 24} Latson pled guilty to aggravated robbery and kidnapping, both with firearm specifications. The charges arose after Latson forced his victim into her car at gun point, demanded and received money from her, and demanded her car keys, at which point the victim fled from the car. The Eighth District noted that "[r]obbery and kidnapping are clearly potentially allied offenses of similar import," and the court remanded the matter for a

hearing to determine if Latson "should be sentenced according to R.C. 2941.25."

{¶ 25}   We conclude that the matter herein is distinguishable from *Little* and *Latson.* The merger required by R.C. 2923.01(F) in *Little* is similar to that required by R.C. 2941.25 for allied offenses of similar import since, if merger applies, the defendant may only be convicted of one conspiracy.   Herein, however, the indictment and the statement of the prosecutor when setting forth the nature of Ayers' offenses make clear that Ayers was charged with five offenses committed separately, on five separate dates, such that, pursuant to R.C. 2941.25(B), the offenses are not subject to merger.   The prosecutor specifically stated that "Counts 2 through 5 are all identical in nature, *the only variance being the dates*." (Emphasis added).   Further, there is no suggestion of the possibility, due to the nature of the offenses, as in *Latson*, that Ayers' offenses were committed by the same conduct.   This is in fact an impossibility, as Ayers' conduct occurred on separate dates.   As the trial court correctly concluded in overruling Ayers' motion to correct his sentence, "counts 1-5 all deal with a different offense occurring on different days.   Counts 1-5 are simply not allied offenses of similar import."

{¶ 26}   Since Ayers did not meet his burden to show that his offenses are allied offenses of similar import, plain error is not demonstrated, and his second assigned error is overruled.

{¶ 27}   The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Kirsten A. Brandt
Charles W. Morrison
Hon. Michael L. Tucker