[Cite as *State v. Yeldell*, 2013-Ohio-1918.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

        Plaintiff-Appellee

v.

ARRIE D. YELDELL


        Defendant-Appellant

Appellate Case No. 25198/25209

Trial Court Case No.   2012-CR-57

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of May, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting
Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts
Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ARRIE D. YELDELL, Inmate No. 659-018, Lebanon Correctional Institution, P.O. Box 56,
Lebanon, Ohio 45036
        Defendant-Appellant, *pro se*

THOMAS SCHIFF, Atty. Reg. No. 0039881, 500 Lincoln Park Blvd., Suite 216, Kettering, Ohio
45429-6412
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Defendant-Appellant, Arrie D. Yeldell, appeals from his criminal conviction and sentence following a jury trial in which he was found guilty of one count of Attempted Rape (by force), a second degree felony, one count of Kidnapping (sexual activity), a first degree felony, and one count of Assault, a first degree misdemeanor.  The counts for Attempted Rape and Kidnapping merged as allied offenses and the Appellee, the State of Ohio, elected to have Yeldell sentenced under Kidnapping. The trial court imposed a four-year prison sentence for Kidnapping and a six-month prison sentence for Assault. The sentences are to be served concurrently.

{¶ 2}    Yeldell's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for our review.  Thereafter, Yeldell filed a *pro se* brief, advancing three assignments of error.  The State did not file a brief in response.

{¶ 3}    Yeldell's first assignment of error states:

Indictment [sic] Violated the Constitutional Ban Against Double Jeopardy.

{¶ 4}    Under this assignment of error, Yeldell argues that his constitutional rights were violated upon being convicted for both Attempted Rape and Kidnapping.  Yeldell argues that this is prohibited by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because the requirements for each offense are indistinguishable and the offenses were committed against the same victim.

{¶ 5}    In *State v. Sturgell*, 2d Dist. Darke No. 1751, 2009-Ohio-5628, this district stated the following with respect to the Double Jeopardy Clause:

The double jeopardy clause protects against a second prosecution for the same offense after acquittal or conviction, and against multiple punishments for the same offense. In that regard, the double jeopardy clause generally forbids successive prosecutions and cumulative punishments for a greater and lesser included offense involving the same conduct. Conviction on a lesser included offense generally bars subsequent prosecution for a greater offense. (Citations omitted.) *Id.* at ¶ 10.

{¶ 6} Furthermore, R.C. 2941.25 codifies the protections of the Double Jeopardy Clause, and it " 'clearly provides that there may be only *one conviction* for allied offenses of similar import.' " *State v. Ayers*, 2d Dist. Montgomery No. 25208, 2012-Ohio-6038, ¶16, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26. " 'Thus, a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import.' " *Id*.

{¶ 7} In this case, the record establishes that Yeldell's counts for Attempted Rape and Kidnapping were merged as allied offenses of similar import, and Yeldell was only sentenced for Kidnapping. Yeldell was, therefore, not subject to multiple punishments for the same offense. For this reason, Yeldell's constitutional rights were not violated, and his First Assignment of Error is without arguable merit.

{¶ 8} Yeldell's Second Assignment of Error states:

The Judgement [sic] Entered by the Trial Court and Indictment Returned by the Montgomery County Grand Jury Are Null and Void for Lack of Subject Matter Jurisdiction and for Failure to Charge as Defined By the State

Statute, R.C. 2305.01, When it Failed to Allege an Offense.

{¶ 9}  Under this assignment of error, Yeldell provides no explanation or discussion supporting his argument.  We find nothing in the record suggesting that the trial court lacked subject matter jurisdiction.  Furthermore, the statute cited by Yeldell, R.C. 2305.01, concerns jurisdiction in civil matters, and therefore has no bearing on this case. For this reason, Yeldell's Second Assignment of Error is without arguable merit.

{¶ 10}  Yeldell's Third Assignment of Error states:

Counsel Was Ineffective in Allowing[,] Without Objection[,] [the Jury]

to Witness Testimony of Clearly Three (3) Different Testimony's [sic] By State

Witnesses.

{¶ 11}  Under this assignment of error, Yeldell argues that defense counsel was ineffective by failing to object to testimony of the State's trial witnesses, which according to Yeldell, yielded "three (3) different testimony's [sic]."  Yeldell provides no further explanation or discussion in support of this argument, and he does not indicate which witnesses or what testimony he is referring to.  The basis for Yeldell's Third Assignment of Error is, therefore, unclear.

{¶ 12}  "A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result." *State v. Clark*, 2d Dist. Champaign No. 2011-CA-32, 2013-Ohio-300, ¶ 38, citing *Strickland* v. *Washington*, 466 U.S. 668, 688, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  We have reviewed the entire record and have found no facts indicating that defense counsel's conduct fell below an objective standard of reasonableness.  The State is

permitted to present witness testimony to support its claims against Yeldell, and all of the State's witnesses were disclosed as required by Crim.R. 16. Accordingly, defense counsel had no reason to object to allowing the jury to hear the witness testimony presented by the State. Yeldell's Third Assignment of Error is without arguable merit.

{¶ 13} Pursuant to our responsibilities under *Anders*, we have conducted an independent review of the record. Based on that review, we agree with appellate counsel's determination that there are no non-frivolous issues for appeal related to Yeldell's criminal conviction and sentence.

{¶ 14} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Arrie D. Yeldell
Thomas Schiff
Hon. Gregory F. Singer