THE STATE OF OHIO, APPELLANT, *v*. WASHINGTON, APPELLEE.

[Cite as *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982.]

*Criminal law—Sentencing—R.C. 2941.25—Multiple counts—Merger at sentencing—Court must review entire record, including arguments and information presented at sentencing hearing, to determine whether offenses were committed separately or with separate animus.*

(No. 2012-1070—Submitted May 7, 2013—Decided November 14, 2013.)

APPEAL from the Court of Appeals for Lorain County, No. 11CA010015, 2012-Ohio-2117.

_____

SYLLABUS OF THE COURT

When deciding whether to merge multiple offenses at sentencing pursuant to R.C. 2941.25, a court must review the entire record, including arguments and information presented at the sentencing hearing, to determine whether the offenses were committed separately or with a separate animus.

_____

FRENCH, J.

{¶ 1} In this case, we consider the impact of our syllabus in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, which instructs courts that a defendant's conduct "must be considered" when determining whether multiple offenses merge at sentencing pursuant to R.C. 2941.25. We hold that the court of appeals erred by relying on *Johnson* for the proposition that a court may consider a defendant's conduct only as it was described by the state's "theory" at trial.

**Background**

{¶ 2} In 2009, a jury found defendant-appellee, David Washington, guilty of several offenses, including one third-degree-felony count of failure to

comply with a police officer under R.C. 2921.331(B) and one fifth-degree-felony count of obstruction of official business under R.C. 2921.31(A).

{¶ 3} The evidence at trial established that Washington and his brother attacked a woman in a mall parking lot in Lorain County, stole her SUV, and led police on a car and foot chase in Lorain and Cuyahoga counties. Immediately after the carjacking, the victim called 9-1-1, and a police dispatch aired a description of the SUV. Within minutes, Avon police spotted the SUV heading east on I-90 toward Cuyahoga County. When police attempted to initiate a traffic stop, Washington accelerated the SUV and began weaving in and out of traffic, reaching speeds in excess of 100 miles per hour. Additional units joined the pursuit, including the Westlake police, who were waiting near the Cuyahoga County border with stop sticks. Washington drove over the stop sticks, which deflated two of the SUV's tires, causing it to lose control and strike the median. Washington then turned the SUV around and headed the wrong way up an exit ramp. He drove toward a police officer, who fired two rounds at the SUV. Washington passed the officer, sideswiped a car stopped at an intersection, and continued for approximately one mile until the SUV jumped the curb and stopped in a wooded area. Washington and his brother abandoned the SUV and fled, with several police officers in pursuit. Soon thereafter, police found Washington hiding in a drainage ditch.

{¶ 4} A jury found Washington guilty of several offenses, including failure to comply with the order of a police officer and obstruction of official business. The trial court imposed separate sentences for those two offenses, and Washington appealed on the ground that they should have merged at sentencing as allied offenses of similar import under R.C. 2941.25. While his appeal was pending, this court released *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, which overruled the prior standard for determining whether offenses merge at sentencing under R.C. 2941.25. The Ninth District remanded the matter

for the trial court to determine whether the offenses were allied offenses under *Johnson*. *State v. Washington*, 9th Dist. Lorain Nos. 10CA009767 and 10CA009768, 2011-Ohio-1149, ¶ 28.

{¶ 5} At the resentencing hearing, Washington argued that the offenses merged under *Johnson* because his flight from police amounted to one continuous act, beginning on the highway and ending in the woods. Plaintiff-appellant, the state of Ohio, countered that each offense was based on separate conduct. Specifically, the state maintained that Washington's flight from police in the motor vehicle established the failure-to-comply offense, whereas his subsequent flight from police on foot in the woods established the obstruction-of-official-business offense. The trial court agreed with the state, determined that the offenses were not allied offenses of similar import, and imposed separate and consecutive prison terms for the two offenses.

{¶ 6} In a divided opinion, the court of appeals reversed, concluding that Washington's offenses merged under *Johnson* because they were based on the same conduct. *State v. Washington*, 9th Dist. Lorain No. 11CA010015, 2012-Ohio-2117, ¶ 17. Although the state argued at resentencing that the car chase and the foot chase constituted separate criminal acts, the court of appeals held that *Johnson* prohibited consideration of that argument because the state did not make that distinction during trial. *Id*. at ¶ 15, 16. According to the court of appeals, the offenses merged because the state's "theory at trial" was that the car chase formed the basis for both offenses. *Id*. at ¶ 16. The dissent countered that the state's theory at trial was not dispositive of whether the offenses were based on the same conduct and that the state was not required to address merger during trial. *Id*. at ¶ 24 (Carr, J., concurring in part and dissenting in part). According to the dissent, the offenses did not merge, because the car chase and the foot chase were separate criminal acts, each supported by the evidence. *Id.* at ¶ 25.

**{¶ 7}** We accepted the state's discretionary appeal to consider the following proposition of law: "The *Johnson* allied offense analysis is only triggered subsequent to findings of guilt as to criminal offenses by a judge or jury[;] thus the trial court may base its allied offense decision on any grounds supported by the evidence."

**Motion to Dismiss**

**{¶ 8}** At the outset, we will address the motion to dismiss filed by Washington on July 12, 2013. On August 31, 2012, after the state filed its notice of appeal in the present case, the trial court resentenced Washington in response to the court of appeals' remand, merging the two counts at issue. Washington asks this court to dismiss the instant appeal, alleging that the trial court's resentencing renders the appeal moot. The state responded, arguing that the trial court lost jurisdiction to act when the state filed its notice of appeal to this court.

> An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162.

*In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. Thus, the trial court in this case had no jurisdiction to resentence the defendant once the state had filed its notice of appeal. The motion to dismiss is denied.

**Analysis**

**{¶ 9}** The state asks us to clarify the effect of *Johnson* on the standard for determining whether "the same conduct by defendant can be construed to constitute two or more allied offenses of similar import" under R.C. 2941.25(A). We hold that while *Johnson* abandoned a portion of the test for determining

4

whether offenses share a "similar import," it did not change the test for determining whether those offenses resulted from the "same conduct."

*Multiple Punishments, Legislative Intent, and R.C. 2941.25*

{¶ 10} The Fifth Amendment's Double Jeopardy Clause "protects only against the imposition of multiple criminal punishments for the same offense, * * * and then only when such occurs in successive proceedings." (Emphasis deleted.) *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 24. Whether multiple punishments imposed in the same proceeding are permissible is a question of legislative intent. *Missouri v. Hunter*, 459 U.S. 359, 365, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

{¶ 11} Absent a more specific legislative statement, R.C. 2941.25 is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct. *State v. Childs*, 88 Ohio St.3d 558, 561, 728 N.E.2d 379 (2000). We have described the statute as an attempt to codify the judicial doctrine of merger, *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979), the penal philosophy that " 'where one crime necessarily involves another, * * * the offense so involved is merged in the offense of which it is a part,' " *State v. Botta*, 27 Ohio St.2d 196, 201, 271 N.E.2d 776 (1971), fn. 1, quoting 21 American Jurisprudence 2d 90 (1965). In its entirety, R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two

or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 12} R.C. 2941.25(A) identifies two conditions necessary for merger: the offenses must (1) result from the "same conduct" and (2) share a "similar import." R.C. 2941.25(A); *see also Logan* at 128 ("In addition to the requirement of similar import * * *, the defendant, in order to obtain the protection of R.C. 2941.25(A), must show that the prosecution has relied upon the same conduct to support both offenses charged"). Restated in the negative, offenses do not merge if they were "committed separately" or if the offenses have a "dissimilar import." R.C. 2941.25(B). In addition to these restrictions, R.C. 2941.25(B) identifies another bar to merger for offenses committed "with a separate animus as to each." *See State v. Bickerstaff*, 10 Ohio St.3d 62, 66, 461 N.E.2d 892 (1984) (describing the three bars to merger as "disjunctive in nature").

*The Two-Prong Test,* Rance*, and* Johnson

{¶ 13} For decades, Ohio courts have used a two-prong test to assess the import, conduct, and animus components in R.C. 2941.25 when a defendant is guilty of multiple offenses. The first prong looks to the import of the offenses and requires a comparison of their elements. *State v. Mitchell*, 6 Ohio St.3d 416, 418, 453 N.E.2d 593 (1983). If the elements "correspond to such a degree that the commission of one offense will result in the commission of the other," the offenses share a similar import. *Id.,* citing *Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345. Only then can the merger analysis proceed to the second prong. *State v. Blankenship*, 38 Ohio St.3d 116, 117, 526 N.E.2d 816 (1988). The second prong looks to the defendant's conduct and requires a determination whether the offenses were committed separately or with a separate animus. *Mitchell* at 418;

*Blankenship* at 117. If the offenses were committed by the same conduct and with a single animus, the offenses merge. *Mitchell* at 418; *Blankenship* at 117.

{¶ 14} Over the years, confusion surrounded application of the first prong, "similar import." While it was clear that the prong required a comparison of the elements to determine whether the commission of one offense will result in the commission of the other (or equivalent language),[1] courts became divided as to whether the elements should be viewed in the abstract or in light of the particular facts of each case. We resolved this question in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), and clarified that courts should compare the statutory elements of the offenses "in the abstract" when determining whether the offenses share a similar import under the first prong. (Emphasis deleted.) *Id*. at 638. We based our preference for an abstract analysis, in large part, on the similar-elements comparison established in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Rance* at 636; *see also United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (whether offenses are the "same" for double jeopardy purposes depends on the *Blockburger* "same elements" test, not a "same conduct" test).

{¶ 15} In *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, we revisited *Rance* and addressed a certified conflict over the question whether felony murder and child endangering shared a similar import under the first prong of the R.C. 2941.25 analysis. *Id.* at ¶ 1. In a unanimous syllabus, we overruled *Rance* and held that "the conduct of the accused must be considered" when determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25. *Id*. at syllabus. Beyond the syllabus, however, we were divided as to how to consider a defendant's conduct in the first prong's "similar import" analysis.

---

1. *See State v. Preston*, 23 Ohio St.3d 64, 65, 491 N.E.2d 685 (1986) ("automatically result"); *Newark v. Vazirani*, 48 Ohio St.3d 81, 83, 549 N.E.2d 520 (1990) ("necessarily results").

*Johnson Did Not Change the Conduct Portion of the Analysis*

{¶ 16} Although *Johnson* abandoned the abstract component of the first prong (similar import), it did not change the second prong (conduct), which has always required courts to determine whether the offenses were committed separately or with a separate animus. As we have explained since *Johnson*, "[t]he consideration of a defendant's conduct in an R.C. 2941.25 analysis is nothing new * * *." *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 21. Our approach for addressing the questions of conduct and animus has been "to analyze the particular facts of each case before us." *State v. Jones*, 78 Ohio St.3d 12, 14, 676 N.E.2d 80 (1997); *see also State v. Cooper*, 104 Ohio St.3d 293, 2004-Ohio-6553, 819 N.E.2d 657, ¶ 19. "This court has generally not found the presence or absence of any specific factors to be dispositive * * *." *Jones* at 14.

{¶ 17} Contrary to the court of appeals' view, nothing in *Johnson* requires courts to consider only the evidence and arguments presented by the state at trial. For one thing, the binding portion of *Johnson*, contained in the unanimous syllabus, states only that a defendant's conduct "must be considered" in an R.C. 2941.25 analysis. *Johnson* at syllabus. As for the divided opinions within *Johnson*, none espoused the view that a court is limited to the state's theory of the case when determining whether the same conduct supported multiple offenses.

{¶ 18} Merger is a sentencing question, not an additional burden of proof shouldered by the state at trial. We have consistently recognized that "[t]he defendant bears the burden of establishing his entitlement to the protection, provided by R.C. 2941.25, against multiple punishments for a single criminal act." *State v. Mughni*, 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987); *see also Logan*, 60 Ohio St.2d at 128, 397 N.E.2d 1345 ("the defendant * * * must show that the prosecution has relied upon the same conduct to support both offenses charged"); *Cooper* at ¶ 20 ("an offender must demonstrate the state's reliance on

the same conduct to prove multiple charges before gaining the protection of R.C. 2941.25"). As aptly put by the dissenting judge in the court of appeals, *Johnson* did not "shift the burden to the State to neatly frame at the time of trial all issues which arise, if at all, only at a sentencing." 2012-Ohio-2117, at ¶ 24 (Carr, J., concurring in part and dissenting in part).

{¶ 19} Granted, the state's theory at trial may, in some cases, definitively support a finding that the offenses at issue arose from the same conduct. But it may be unhelpful in others. For instance, if the evidence establishes multiple criminal offenses, but the state does not attempt to assign separate conduct to each offense, it may be unclear whether the same or separate conduct supported each offense. And in the vast majority of cases—that is, cases resolved by entry of a guilty plea—there is no evidence, no opening statement, no closing argument, and little upon which a court can rely to discern the state's theory of the case. *See Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012) ("Ninety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas"). In those cases, the sentencing hearing may be the only source of information relating to merger.

{¶ 20} Nothing in Ohio's felony-sentencing statutes prohibits the litigation of merger at sentencing. To the contrary, R.C. 2929.19(B)(1) states that the trial court "shall consider * * * *any* information presented" by the defense or the prosecution at the sentencing hearing. (Emphasis added.) Further, R.C. 2929.19(A) allows the state and the defendant to "present information relevant to the imposition of sentence in the case." On appeal from a felony sentence, the reviewing court "shall review the record," R.C. 2953.08(G)(2), which includes more than the evidence and arguments presented at trial. R.C. 2953.08(F)(3) provides that the record to be reviewed shall include "[a]ny oral or written statements made to or by the court at the sentencing hearing." *See also* App.R. 9(A) (defining what constitutes the "record on appeal in all cases").

9

**{¶ 21}** Washington does not defend the rationale supporting the court of appeals' refusal to consider the merger information presented by the state at the resentencing hearing—and for good reason. It would be equally unfair to bind a defendant to the theories presented at trial without allowing the defendant to present merger arguments at sentencing. For example, if the evidence presented at trial established two separate criminal acts, but it is unclear whether the prosecution relied on the same conduct to prove both, the defendant could never satisfy his or her burden of "show[ing] that the prosecution has relied upon the same conduct to support both offenses charged." *Logan*, 60 Ohio St.2d at 128, 397 N.E.2d 1345.

**{¶ 22}** Without disputing the state's right to argue against merger at sentencing generally, Washington asserts that the doctrine of judicial estoppel prohibited the state from arguing against merger in this case. However, for that doctrine to prohibit a party from raising an argument, the argument in question must be inconsistent with one successfully and "unequivocally" asserted by the same party earlier. *State ex rel. Motor Carrier Serv., Inc. v. Rankin*, 135 Ohio St.3d 395, 2013-Ohio-1505, 987 N.E.2d 670, ¶ 33. At trial, the state never argued that the car chase was the basis for both the failure-to-comply and obstructing-official-business offenses. The state presented evidence of both the car chase and the foot chase, and it repeatedly referred to both chases during opening statement and closing argument. In fact, the foot chase could not have established the failure-to-comply offense, because that offense requires proof that the defendant was "operat[ing] a motor vehicle." R.C. 2921.331(B). At best, it is unclear whether the state relied on the foot chase to support the obstructing-official-business count. It cannot be said that the state's argument at trial was inconsistent with its argument at the resentencing hearing.

**{¶ 23}** Nor are we persuaded by Washington's argument that we must summarily affirm the court of appeals' judgment in light of *Williams*, 134 Ohio

St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245. *Williams* stands for the proposition that "a reviewing court should review the trial court's R.C. 2941.25 determination de novo," *id*. at ¶ 1, not that a reviewing court should—as the court of appeals did here—review only the state's theory at trial. By refusing to consider the state's arguments at the resentencing hearing, the court of appeals misconstrued *Johnson* and violated its statutory duty to consider the information presented at the sentencing hearing. *See* R.C. 2953.08(F)(3) and (G)(2).

**Conclusion**

{¶ 24} We hold that when deciding whether to merge multiple offenses at sentencing pursuant to R.C. 2941.25, a court must review the entire record, including arguments and information presented at the sentencing hearing, to determine whether the offenses were committed separately or with a separate animus. The court of appeals erred by looking solely to what it perceived as the state's theory of the case at trial and by refusing to consider the information presented at the sentencing hearing. Accordingly, we reverse the judgment of the court of appeals and remand to the court of appeals for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

_____

Dennis P. Will, Lorain County Prosecuting Attorney, and Mary R. Slanczka, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellee.

_____