[Cite as *State v. Chidester*, 2014-Ohio-1597.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case Nos. CT2013-0048 |
| BROCK CHIDESTER | : | CT2013-0049 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Case Nos. CR2013-0087 & CR2013-0115 |
| JUDGMENT: | Affirmed (Case No. CT2013-0048) Reversed (Case No. CT2013-0049) |
| DATE OF JUDGMENT: | April 14, 2014 |


APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| ROBERT SMITH 27 North Fifth Street Zaneville, OH 43701 | WILLIAM T. CRAMER 470 Olde Worthington Road Suite 200 Westerville, OH 43082 |

*Farmer, J.*

{¶1}   On April 17, 2013, the Muskingum County Grand Jury indicted appellant, Brock Chidester, on one count of felonious assault in violation of R.C. 2903.11, one count of domestic violence in violation of R.C. 2919.25, one count of kidnapping in violation of R.C. 2905.01, and one count of abduction in violation of R.C. 2905.02 (Case No. CR2013-0087).   Said charges arose from an incident involving appellant and his wife, Jessica Chidester.

{¶2}   On May 22, 2013, appellant was indicted on one count of bribery in violation of R.C. 2921.02 and one count of violating a protection order in violation of R.C. 2919.27.   Said charges arose from appellant offering his wife financial incentives if she dropped the prior charges (Case No. CR2013-0115).

{¶3}   On July 24, 2013, appellant pled guilty to the felonious assault and abduction counts in Case No. CR2013-0087, and the bribery count in Case No. CR2013-0115.   The remaining counts were dismissed.   By entries filed August 29, 2013, the trial court sentenced appellant to an aggregate term of four years in prison in Case No. CR2013-0087 and one year in prison in Case No. CR2013-0115.   The trial court ordered the one year term to be served consecutively to the four year term.

{¶4}   Appellant filed an appeal in each case, and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT VIOLATED PRINCIPLES OF DOUBLE JEOPARDY AND R.C. 2941.25 BY REFUSING TO MERGE KIDNAPPING AND FELONIOUS ASSAULT."

II

{¶6} "THE TRIAL COURT VIOLATED DUE PROCESS AND R.C. 2929.14(C)(4) BY FAILING TO MAKE THE REQUISITE STATUTORY FINDINGS TO SUPPORT IMPOSING A CONSECUTIVE SENTENCE."

I

{¶7} Appellant claims the trial court erred in refusing to merge the kidnapping and felonious assault convictions (Case No. CR2013-0087).  We disagree.

{¶8} At the outset, we note appellant pled guilty to abduction, not kidnapping.

{¶9} Appellant pled guilty to felonious assault in violation of R.C. 2903.11(A)(2) which states: "No person shall knowingly do either of the following:***Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance," and abduction in violation of R.C. 2905.02(A)(2) which states: "No person, without privilege to do so, shall knowingly do any of the following:***By force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear."

{¶10} Appellant argues the trial court's refusal to merge the two convictions violated R.C. 2941.25 which states the following:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶11} In *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 44, the Supreme Court of Ohio held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered."  The *Johnson* court explained the following at ¶ 48-50:

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other.  *Blankenship,* 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses." [Emphasis sic]).  If the offenses correspond to such a degree that the conduct of the

defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." *Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶12} As clarified by the Supreme Court of Ohio in *State v. Washington,* 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 24: "We hold that when deciding whether to merge multiple offenses at sentencing pursuant to R.C. 2941.25, a court must review the entire record, including arguments and information presented at the sentencing hearing, to determine whether the offenses were committed separately or with a separate animus."

{¶13} The trial court chose not to merge the offenses based on the case of *State v. Hopkins,* 10th Dist. Franklin No. 10AP-11, 2011-Ohio-1591. August 28, 2013 T. at 8. The *Hopkins* case did not merge the offenses of felonious assault and abduction. In *Hopkins,* the defendant believed his girlfriend was cheating on him. He proceeded to beat his girlfriend for about an hour. "He punched her, kicked her in the head, and hit her in the head with a wrench. When she tried to leave, he would not allow it. At the conclusion of the prosecutor's recitation of these facts, the trial court inquired as to

whether appellant had any objection to the facts.  He did not." *Hopkins* at ¶ 7.  The *Hopkins* court determined the following at ¶ 8:

> In this appeal, appellant argues that the abduction only involved restraint incidental to the assault.  That is, appellant committed the attempted felonious assault and thereby committed the abduction.  Based upon the facts recited by the prosecutor, we disagree.  Again, according to the record, appellant engaged in conduct amounting to an attempted felonious assault during the hour-long beating.  Additionally, appellant restrained the liberty of the victim inasmuch as he did not allow her to leave when she tried.  Therefore, based upon the circumstances of this matter, the offenses were not committed by the same conduct.  The trial court did not err in refusing to merge the two offenses for purposes of sentencing.

{¶14}  We find the facts in the *Hopkins* case to be nearly identical to the facts sub judice.  Because appellant pled guilty to the felonious assault and abduction counts, we only have before us the following pertinent recitation of the facts by the prosecutor to which appellant did not object to (July 25, 2013 T. at 12):

> These charges stem from a Muskingum County Sheriff's Department investigation into the complaint by Jessica Chidester that she had been restrained and assaulted by her husband during the early-

morning hours of April 12th. Investigation revealed that the couple were married, that the husband believed that she was cheating on him, and over the course of several hours during the course of that day he did restrain her from leaving the home and struck her several times, and at least on one occasion did wrap a T-shirt around her neck causing her to struggle for breath and pass out.

The defendant was interviewed, did admit to the confrontation, and did indicate that he was concerned that his wife had been unfaithful and confronted her about it. He also admitted to the officer that he struck the victim, which he characterized no more than ten times. He initially denied wrapping a belt or T-shirt around her neck, but when confronted with photographs of her neck, he did admit that he wrapped a belt around her neck.

{¶15} The presentence investigation report dated August 20, 2013 confirmed these facts, and also noted that the assault started around 4:00 a.m., stopped when the children woke up, and then continued after the children left for school. Around 9:00 a.m. when appellant went to bed, he made his wife "lay in bed with him and wrapped his arms and legs around her so she could not leave." Once he awoke at 2:30 p.m., the assault continued.

{¶16} Appellant argues the abduction only involved restraint incidental to the assault. Based upon the facts as presented, we disagree. Appellant engaged in conduct amounting to felonious assault during the day-long beating. Additionally,

appellant restrained his wife's liberty, even while he was sleeping, not assaulting her. We find the offenses were committed by separate conduct with a separate animus.

{¶17} Upon review, we find the trial court did not err in not merging the two counts.

{¶18} Assignment of Error I is denied.

II

{¶19} Appellant claims the trial court erred in failing to make findings on consecutive sentences under R.C. 2929.14(C)(4) (Case No. CR2013-0115). We agree.

{¶20} In its entries filed August 29, 2013, the trial court sentenced appellant to an aggregate term of four years in prison in Case No. CR2013-0087 and one year in prison in Case No. CR2013-0115. The trial court ordered the one year term to be served consecutively to the four year term.

{¶21} R.C. 2929.14(C)(4) states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶22} In its brief at 14, the state, although not specifically conceding the issue, noted it agreed with appellant's recitation of the current status of the law on consecutive sentencing, and deferred the issue to this court.

{¶23} In reviewing the August 28, 2013 sentencing hearing transcript and the August 29, 2013 entry in Case No. CR2013-0115, we find the trial court did not reference R.C. 2929.14(C)(4) nor make any findings thereunder.  In sentencing appellant to a one year consecutive sentence, the trial court merely stated: "In regards to Case No. 0115, that case being a felony of the third degree, that case being bribery, it wasn't bad enough that you committed the offense, but you tried to have it resolved by attempting to bribe the victim in this case."  August 28, 2013 T. at 10.

{¶24} Upon review, we find the trial court erred in ordering the one year sentence in Case No. CR2013-0115 to be served consecutively to the four year

sentence in Case No. CR2013-0087 without making findings pursuant to R.C. 2929.14(C)(4).

{¶25} Assignment of Error II is granted.

{¶26} The judgment of the Court of Common Pleas of Muskingum County, Ohio in Case No. CT2013-0048 is affirmed.  The judgment in Case No. CT2013-0049 is reversed for findings under R.C. 2929.14(C)(4).

By Farmer, J.

Hoffman, P.J. and

Baldwin, J. concur.

SGF/sg 3/14