[Cite as *State v. Asbury*, 2017-Ohio-1005.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-T-0052** |
| JACOB JONATHAN ASBURY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CR 00835.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Deena L. DeVico,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow,* 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Jacob Jonathon Asbury, appeals from the judgment of the Trumbull County Court of Common Pleas convicting him of one count of felonious assault and one count of attempted murder. The issues in this appeal are whether appellant's convictions are against the manifest weight of the evidence and whether the trial court erred in failing to merge all counts of which appellant was convicted. We affirm the trial court's judgment.

{¶2} On October 5, 2015, Laddonna Allgood invited appellant to her apartment. Ms. Allgood was a tenant of Gail Downing and the apartment is located behind Ms. Downing's home.

{¶3} Appellant and Ms. Allgood had an on-again, off-again romantic relationship. Appellant arrived at Ms. Allgood's residence and the two engaged in sexual intercourse. Later, they were conversing and appellant requested to borrow $15 from Ms. Allgood. She refused and indicated she intended on going out with some friends the following evening. Appellant moved behind Ms. Allgood where she was sitting and wrapped his arms around her chest, as if to hug her. Suddenly, he lifted one arm and wrapped it around her neck. Before Ms. Allgood could react, appellant began to strangle her. Ms. Allgood recalled, within three to five seconds, she "blacked out" and, when she awoke, she noticed her neck was bleeding. She had trouble standing and noted she was very weak. Appellant assisted Ms. Allgood into the bathroom where she observed two holes in her neck. At first, she though appellant had ripped her skin in the course of rendering her unconscious; later, she learned she was stabbed a total of five times.

{¶4} Meanwhile, as Ms. Allgood was attending to her wounds, appellant was pacing and murmuring that he was going to jail. The two concluded they would invent a story regarding how her injuries were occasioned. Appellant attempted to dial 911, but was unable to unlock Ms. Allgood's phone. Ms. Allgood was subsequently successful and explained to the dispatcher that she had fallen, was bleeding from her neck, and was losing a lot of blood.

{¶5} After the call, appellant left the residence, but returned several minutes later. Because they believed the emergency personnel were taking too long, appellant suggested he drive Ms. Allgood to Trumbull Memorial Hospital. While appellant and Ms. Allgood were on their way to the hospital, an ambulance and Warren Township Police Officer Chad Beran arrived at the residence; the officer made contact with Ms. Downing, who took the first responders to Ms. Allgood's apartment. Upon entering, the officer noted where they found a significant amount of blood throughout the residence.

{¶6} After arriving at Trumbull Memorial, Ms. Allgood learned she had been stabbed once in the jaw, once in the hand, once in the shoulder, and twice in the neck. Officer Beran ultimately made contact with her at the hospital where Ms. Allgood reported appellant had choked her and, when she woke up, she was bleeding. After evaluating her condition, doctors were unable to stop Ms. Allgood's bleeding. She was subsequently life-flighted to St. Elizabeth's Hospital, where she spent approximately four days.

{¶7} While Ms. Allgood was being treated, Officer Beran took custody of appellant from Warren City Police Officers, who had detained him in Trumbull Memorial's parking lot. Appellant was Mirandized and placed in the back of the officer's cruiser. Officer Beran subsequently inventoried appellant's vehicle where he found a bloody towel, a bloody phone, and blood on the front-passenger seat. The officer asked appellant where he left the knife and appellant advised that the knife was in the sink at Ms. Allgood's residence. Officer Beran related the information to Warren Township Police Chief, Donald Bishop, who was at Ms. Allgood's apartment. The Chief located the knife in a bowl of reddish water near the sink.

{¶8} Appellant was transported to the Warren Township Police Station to be interviewed by Investigator Jeffrey Smith. Appellant acknowledged he had been Mirandized and, while the investigator was preparing paperwork, appellant voluntarily admitted that he had stabbed Ms. Allgood.

{¶9} Appellant was indicted on one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2); one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1); and one count of attempted murder, a felony of the first degree, in violation of R.C. 2923.02(A) and R.C. 2903.02(A) and (D). The matter proceeded to jury trial after which appellant was found guilty on all three charges. At sentencing, the trial court merged count one (felonious assault) with count three (attempted murder). The trial court sentenced appellant to five years imprisonment on the remaining felonious assault count and 11 years on the attempted murder count, each to run consecutive to one another, for an aggregate prison term of 16 years.

{¶10} Appellant now appeals and assigns two errors. His first assignment of error provides:

{¶11} "The appellant's convictions are against the manifest weight of the evidence."

{¶12} A court reviewing the manifest weight observes the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be

4

reversed and a new trial ordered. *State v. Schlee,* 11th Dist. Lake No. 93-L-082, 1994 WL 738452, *5 (Dec. 23, 1994).

{¶13} Appellant challenges only his conviction for attempted murder. He asserts the conviction is against the manifest weight of the evidence because: (1) he attempted to call 911; and (2) although he initially left the scene of the incident, he returned to transport Ms. Allgood to the hospital. Appellant contends these acts are indicative of good faith and remorse and, as a result, militate heavily against the attempted murder conviction. We do not agree.

{¶14} R.C. 2923.02(A) provides: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." In this case, the underlying offense is murder.

{¶15} The state produced evidence that appellant strangled Ms. Allgood until she passed out; and, while she was unconscious, appellant obtained a knife from the kitchen and admittedly stabbed her five times with a paring knife, two of which were in the neck and one on the upper-jaw area. Photographs introduced into evidence demonstrate the wounds were relatively deep and testimony established that emergency-room physicians at Trumbull Memorial were unable to stop Ms. Allgood's bleeding. She was eventually life-flighted to St. Elizabeth's where she spent at least four days in the hospital; these final points emphasize the severity of the injuries Ms. Allgood sustained as a result of the stab wounds.

{¶16} Through strangulation, appellant rendered Ms. Allgood unconscious, and subsequently stabbed her five times, three of which were on or near vital areas of Ms.

5

Allgood's body. From this evidence, the jury could conclude, beyond a reasonable doubt, that appellant acted with the specific intention to kill Ms. Allgood, i.e., that he attempted to murder Ms. Allgood.

{¶17} We recognize that, after the assault and stabbings, appellant attempted to call 911 and drove Ms. Allgood to the hospital; these facts, however, do not negate the inference that his purposeful actions were indicative of an intention to kill her. His actions after the assault and attempted murder, while potentially relevant to sentence mitigation, do not affect the significant evidence militating in favor of the jury's verdict.

{¶18} We therefore hold there was credible and compelling evidence to support the jury's verdict. Accordingly, the conviction for attempted murder was not against the manifest weight of the evidence.

{¶19} Appellant's first assignment of error lacks merit.

{¶20} Appellant's second assignment of error provides:

{¶21} "The trial court erred, as a matter of law, by failing to merge all counts at sentencing."

{¶22} Under this assigned error, appellant argues the trial court erred when it sentenced him to consecutive prison terms for felonious assault (for the strangulation) and attempted murder. He contends the crimes are of similar import and the occurrence of the choking occurred during the same course of conduct as the actions which were the foundation of the attempted murder charge, i.e., the stabbings. We do not agree.

6

{¶23} R.C. 2941.25 reflects the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct. *State v. Washington,* 137 Ohio St.3d 427, 2013–Ohio–4982, ¶11. The statute provides:

{¶24} (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment * * * may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶25} (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment * * * may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶26} With respect to the foregoing statute, the Supreme Court has explained:

{¶27} A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance - in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, [or] (3) the offenses were committed with separate animus or motivation. *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, ¶25.

{¶28} The evidence in this case demonstrates that appellant's act of strangulation and the stabbing were of dissimilar import insofar as they caused separate harm to Ms. Allgood. The act of strangulation caused her to lose consciousness, while the multiple stab wounds left deep gashes in her flesh causing her to bleed profusely; while the former arguably facilitated the latter, the harm is fundamentally distinguishable. Moreover, the crimes were committed separately; to wit, temporally, the strangulation occurred before appellant stabbed Ms. Allgood and, practically, each

7

crime was accomplished by a separate and distinct means. Finally, the act of strangulation required a separate animus or intention apart from the act of stabbing. When appellant wrapped his arm around Ms. Allgood's throat, his apparent intention was to cause a vascular restriction sufficient for her to lose consciousness or worse. Once Ms. Allgood was rendered unconscious, appellant obtained a knife with the separate intention of lacerating her flesh.

{¶29} Although only one is necessary, each of the three *Ruff* factors are present in this case. Hence, the trial court did not err in declining to merge felonious assault (via strangulation) with attempted murder (via stabbing).

{¶30} Appellant's second assignment of error lacks merit.

{¶31} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

8