[Cite as *State v. Murray*, 2022-Ohio-3660.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29200 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-1634 |
| | : | |
| PAUL MURRAY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of October, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

SARA M. BARRY, Atty. Reg. No. 0090909, 130 West Second Street, Suite 1700-116, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Paul Murray appeals from his conviction in the Montgomery County Court of Common Pleas after he pled guilty to domestic violence and violation of a protection order while committing a felony. For the reasons that follow, the judgment of the trial court will be affirmed.

## I.      Facts and Procedural History

{¶ 2} On May 17, 2021, Cynthia Hollen went to visit her mother's residence near the Montgomery County Job Center in Dayton. While Hollen was there, Murray showed up at the residence despite an active order of protection prohibiting him from having any contact with Hollen. When Hollen answered the door, Murray began arguing with her. Hollen closed the front door and tried to exit the residence through the back door without Murray's noticing.

{¶ 3} Murray saw Hollen exiting the back of the house and began to chase her toward The Job Center building. When Murray caught up with Hollen, he shoved her, causing her head to hit the wall of the building. The impact caused her to fall to the ground. While Hollen was down, Murray proceeded to kick and punch her in the head. A bystander called the police.

{¶ 4} Hollen was able to get up off the ground and temporarily escape. Murray, however, continued to pursue. Once he caught up with her again, Murray pushed her down several more times. When officers arrived, they observed Murray still acting very aggressively towards Hollen. The officers observed that Hollen had a "busted" lip and scrapes on her legs.

{¶ 5} On May 27, 2021, Murray was indicted on one count of domestic violence, a

felony of the fourth degree, and one count of violating a protection order while committing a felony, a felony of the third degree. On June 30, 2021, Murray pled guilty to both charges. The Court sentenced Murray to 18 months for domestic violence and 24 months for the protection order violation. The Court ordered that the sentences be served concurrently for a total sentence of 24 months.

{¶ 6} Murray's initial appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues to raise on appeal. On April 6, 2022, this court, having conducted an independent review, found a non-frivolous issue for appeal – whether the offenses of domestic violence and violation of a protection order while committing a felony should have merged. Accordingly, this court set aside the *Anders* brief and appointed new counsel to assist Murray. He now raises one assignment of error.

## II. Merger

{¶ 7} Murray argues that his convictions for domestic violence and violation of a protection order should have merged. We disagree.

{¶ 8} R.C. 2941.25 governs allied offenses and provides that: "[w]here the same conduct by [a] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). The statute also provides that "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information

may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B).

{¶ 9} Determining whether multiple offenses are allied offenses of similar import involves three inquiries: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? And (3) Were they committed with separate animus or motivation?" *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31. An affirmative answer to any of these questions allows separate convictions. *Id.* at ¶ 31. The allied-offense analysis is dependent upon the facts of a case because the focus is on the defendant's conduct. *Id. at* ¶ 26. The defendant bears the burden of proof in showing the offenses are allied. *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 18. An appellate court applies a de novo standard of review. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶ 10} When the defendant's conduct constitutes a single offense, he or she may be convicted and sentenced only for that offense. *Ruff* at ¶ 24. When the conduct supports more than one offense, a court must conduct an analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses. *Id.*

{¶ 11} The first step in the analysis is to determine whether Murray's conduct constituted a single offense or multiple offenses. *Id.* If one offense was complete before the other offense occurred, the two offenses do not merge. *State v. Pattson*, 2d Dist. Montgomery No. 2022-Ohio-150, ¶ 35. Thus, when one offense is completed prior to the completion of another offense during the defendant's course of conduct, those offenses

are separate acts. *State v. Mooty*, 2014-Ohio-733, 9 N.E.3d 443, ¶ 49 (2d Dist.).

{¶ 12} In cases of assault, courts do not parse conduct into a "blow-by-blow" to sustain multiple convictions. *State v. Johnson*, 128 Ohio St.3d 153, 164, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 56. Rather, if an attack is uninterrupted, it constitutes a single offense. *See id.* (holding that because the beating was uninterrupted, the offenses of child abuse and murder should merge); *State v. Johnson*, 2d. Dist. Montgomery No. 24031, 2011-Ohio-2825, ¶ 25 (holding that merger is required when a course of conduct involves two or more acts undifferentiated by time, place, or circumstance).

{¶ 13} Notably, Ohio appellate courts have liberally construed what constitutes an interruption. *See State v. Dembie*, 9th Dist. Lorain, C.A. No. 14CA010527, 2015-Ohio-2888, ¶ 11 (refusing to merge assault offenses where the victim fell out of the window after being stabbed and the defendant thereafter resumed attacking the defendant); *State v. Boyd*, 8th Dist. Cuyahoga No. 109052, 2020-Ohio-5181, ¶ 44-45 (holding that, although the assault and abduction arose close in time and proximity to one another and were against the same victim, each of the defendant's attempts at killing his wife were in a different manner and thus constituted separate offenses).

{¶ 14} The outcome of this case depends on whether there were two separate domestic violence incidents. After reviewing the limited record before us, we conclude that Murray's conduct cannot be categorized as only one incident because there were two distinct attacks. The crime of violation of a protection order while committing a felony (in this case, domestic violence) was complete upon Murray's punching and kicking the victim in the head near the Jobs Center. After the victim got up and ran away, Murray

commenced a new offense in which he pursued, caught, and once more attacked Hollen, thus, completing the second offense, domestic violence. The two attacks did not occur suddenly and together but were instead separated by the escape attempt of the victim. Merger was not warranted because the facts in the record established a temporal break in the action.

**{¶ 15}** Additionally, as noted above, Murray bore the burden of proof in demonstrating that the offenses were allied; he failed to carry that burden. The factual record in this case is minimal and because of that, we cannot conclude that the trial court erred when it did not merge Murray's convictions for violation of a protection order and domestic violence. The assignment of error is overruled.

### III.    Conclusion

**{¶ 16}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Sara M. Barry
Hon. Mary Katherine Huffman