[Cite as *State v. Riley*, 2024-Ohio-2519.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

  PLAINTIFF-APPELLEE,

             CASE NO. 1-23-62

  v.

STAYCE L. RILEY,         O P I N I O N

  DEFENDANT-APPELLANT.

---

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CR2021 0154**

**Judgment Affirmed**

**Date of Decision:  July 1, 2024**

---

**APPEARANCES:**

  *F. Stephen Chamberlain* **for Appellant**

  *John R. Willamowski, Jr.* **for Appellee**

**BALDWIN, J.**

{¶1} Defendant-appellant, Stayce L. Riley ("Riley"), appeals the judgment of conviction and sentence entered in the Allen County Court of Common Pleas on September 13, 2023. For the reasons set forth below, we affirm.

*Procedural History*

{¶2} This case originated on May 13, 2021, when the Allen County Grand Jury returned a two-count indictment against Riley, charging her as follows: Count 1 – Endangering Children, a third-degree felony in violation of R.C. 2919.22(A) and (E)(2)(c); and Count 2 – Involuntary Manslaughter, a first-degree felony in violation of R.C. 2903.04(A).

{¶3} On May 18, 2021, Riley filed a written plea of not guilty to both counts in the indictment. Over two years of pretrial proceedings then ensued.

{¶4} On July 31, 2023, a change of plea hearing occurred. At that time, Riley entered a plea of guilty to both offenses charged in the indictment. The trial court accepted the guilty plea and scheduled sentencing for a later date.

{¶5} On September 8, 2023, a sentencing hearing was held. At the start of that hearing, the trial court heard arguments from counsel with regard to the merger of the offenses. Following the presentations of counsel, the trial court ruled that the two offenses at issue in the case did not merge for sentencing purposes. Riley was

then sentenced on Count 1 to a prison term of 24 months and on Count 2 to a minimum prison term of 11 years and a potential maximum prison term of 16 ½ years. The trial court ordered that the prison sentences were to be served consecutively.

{¶6} On September 20, 2023, Riley filed the instant appeal.

*Factual Background*

{¶7} In the merit briefs filed in this appeal, both parties set forth the following factual summary:

> On April 12th, 2021, officers from the Lima Police Department responded to a home on Elizabeth Street, Lima, Allen County, Ohio. This call was for an unresponsive four year old female. Officers arrived and found M.D. unresponsive in her bed. First responders began CPR. M.D. was then transported to Mercy Health / St. Rita's Medical Center and was shortly pronounced deceased by Medical Professionals.
>
> M.D. had numerous bruises on her body and her head. An autopsy was later performed by the Lucas County Coroner's Office. The autopsy showed M.D. had numerous internal injuries to her abdomen including a laceration to her pancreas which eventually lead [*sic*] to her death. M.D. was also found to have a severe injury to her head. Both of these injuries were determined to be approximately a week old.
>
> Detectives interviewed M.D.'s mother, Appellant Riley. [Riley] told detectives that M.D. had not been feeling well and complained of stomach aches for approximately a week. [Riley] said M.D. first mentioned this to her on Easter Sunday (April 4th). [Riley] said M.D. would not eat food, and would only drink Ensure milk shakes during the week before her death. [Riley] also said M.D. defecated in the bed several times. [Riley] said she did not seek medical attention for M.D. during the week she complained of stomach pain. [Riley] said she

was drinking and using cocaine the night before she found M.D. unresponsive, and last checked on her around 4:00 a.m.

Romiere Hale was the live-in boyfriend of [Riley]. During his interview with detectives, Hale described himself as being the main person who disciplined M.D. and her brother K.R. who also lived in the home. Hale admitted to detectives that he used a belt, a coat hanger, as well as his hands to strike both children as a form of punishment. Hale told detectives he would also have the children do wallsits when they would not behave.

Hale said M.D. was not listening and was disrespectful on Saturday April 3rd so he made M.D. do a wall sit as her punishment. Hale said M.D. refused to do the wall sit correctly. Hale said he got up off the couch and punched M.D. in the abdomen while she was doing the wall sit. Hale also admitted to being addicted to "K2", or synthetic marijuana.

Hale was charged in a 10 count indictment for his actions against M.D. that caused her death, and to K.R. in Allen County Common Pleas Court Case No. CR2021 0153. After plea negotiations, Hale plead guilty to Murder related to the death of M.D. and Child Endangering related to K.R. Hale was sentenced to an aggregate sentence of 18 years to life in prison. * * *

Detectives also interviewed is [*sic*] the 7 year old brother of M.D., K.R. He described being forced to do wall sits and being "whooped" by Hale who used a belt on him. Hale would punch K.R. in the chest as a form of punishment.

During a second interview with detectives, [Riley] said she was aware of Mr. Hale's behavior towards her children. [Riley] was aware Hale used a belt and coat hanger to discipline M.D. and K.R. as well as punching them in the chest and making the children do wall-sits. [Riley] admitted to having a drinking problem, and drinking large amounts of alcohol every day.

## Assignment of Error

**The trial court committed error that was prejudicial to the Appellant by failing to merge Counts One and Two upon a plea of guilty where Count One – Endangering Children is the predicate offense of Count Two – Involuntary Manslaughter.**

{¶8} In the sole assignment of error, Riley contends that the trial court erred by not merging for sentencing the two offenses to which Riley pled guilty. Riley argues that the endangering children offense and the involuntary manslaughter offense should have merged because the two offenses involved identical conduct and therefore were not committed separately.

{¶9} Pursuant to R.C. 2941.25, Ohio's multiple-count statute, the imposition of multiple punishments for the same criminal conduct is prohibited. Specifically, R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶10} In determining whether offenses are allied offenses of similar import and should be merged for sentencing pursuant to R.C. 2941.25, courts are instructed to consider three separate factors – the conduct, the animus, and the import. *State v.*

*Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph one of the syllabus. Offenses do not merge and a defendant may be convicted and sentenced for multiple offenses if any one of the following is true: "(1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Ruff*, paragraph three of the syllabus. Two or more offenses of dissimilar import exist "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff*, paragraph two of the syllabus.

{¶11} "The defendant bears the burden of establishing his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act." *State v. Smith*, 3d Dist. Marion No. 9-23-04, 2024-Ohio-886, ¶ 45, citing State *v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 18. The determination as to whether a defendant has been found guilty of allied offenses of similar import "is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct," *Ruff,* at ¶ 26, and "an offense may be committed in a variety of ways * * *." *Ruff*, at ¶ 30. "No bright-line rule can govern every situation." *Id*.

{¶12} On appeal, a de novo standard of review is applied when reviewing a trial court's merger determination. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28.

{¶13} In the instant case, Riley was convicted on Count 1 of Endangering Children in violation of R.C. 2919.22(A) and (E)(2)(c). In relevant part, R.C. 2919.22(A) provides that "[n]o person, who is the parent * * * of a child under eighteen years of age * * *, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." Pursuant to R.C. 2919.22(E)(2)(c), Endangering Children in violation of R.C. 2919.22(A) is a felony of the third degree if the violation results in serious physical harm to the child involved.

{¶14} On Count 2, Riley was convicted of Involuntary Manslaughter in violation of R.C. 2903.04(A), which provides in relevant part that "[n]o person shall cause the death of another * * * as a proximate result of the offender's committing or attempting to commit a felony." Count 2 of the indictment alleged that the crime of Endangering Children was the felony offense upon which the Involuntary Manslaughter was predicated.

{¶15} When the issue of merger was argued at sentencing, the prosecution noted that the bill of particulars alleged there had been multiple ways in which Riley had committed Endangering Children in this case and that it was the State's position

that there had been at least two separate violations of Riley's duty of care to her daughter that resulted in serious physical harm to M.D. The State asserted that the initial violation occurred on April 3rd or 4th, which was when Romiere Hale caused serious physical harm to M.D. by punching her in the abdomen, after Riley left M.D. in Hale's care, knowing that Hale was abusive toward M.D. The State asserted that a second child endangering violation then occurred on subsequent dates, when M.D. exhibited symptoms of illness or injury for several days, complained of stomachaches, could not eat, and lost control of her bowels, and Riley did not seek medical attention for her child who was in clear distress. In support of that assertion, the prosecutor noted that Dr. Schlievert, the medical expert who would have assisted the State at trial, had opined that if medical attention had been sought for M.D., she may have survived. Accordingly, the prosecution asserted that those facts, along with the time frame between the separate violations, supported the position that the predicate offense for the involuntary manslaughter charge in Count 2 was a separate violation from the endangering children offense charged in the first count of the indictment.

{¶16} In response to that, Riley argued that the two offenses charged in the indictment, and to which she pled guilty, must be merged for sentencing on the basis of the bill of particulars filed by the State. Riley asserted that the language of the bill of particulars served to allege that the same conduct constituted the offense

charged in Count 1 and the offense charged in Count 2, and that the prosecution was bound by that allegation for purposes of the merger determination. Riley now makes the same argument on appeal.

**{¶17}** The bill of particulars filed by the State of Ohio on June 17, 2021, when this case was pending in the trial court, reads as follows:

> To the extent not already contained in the Indictment, the State of Ohio hereby furnishes the defendant with the following Bill of Particulars setting up specifically the nature of offense charged and the conduct of the defendant alleged to constitute the offense pursuant to Ohio Rules of Criminal Procedure Rule 7(E).
>
> **COUNT ONE OF THE ORIGINAL INDICTMENT**
>
> On or about April 3, 2021 through April 12, 2021, the defendant who is the mother of a child, to wit: M.D., who was four years old at that time, did create a substantial risk to the health and safety of M.D. by violating her duty of care, protection and support of M.D. in many ways which resulted in serious physical harm to M.D. These incidents occurred at 535 North Elizabeth Street in Lima, Allen County, Ohio.
>
> **COUNT TWO OF THE ORIGINAL INDICTMENT**
>
> On or about April 3, 2021 through April 12, 2021, the defendant did cause the death of Defendant's four year old daughter, to wit: M.D. as M.D.'s death was the proximate result of Defendant creating a substantial risk to the health and safety of M.D. by violating Defendant's duty of care, protection and support of M.D. in many ways which resulted in serious physical harm to M.D. Defendant's actions constitute a felony offense of Child Endangering as set forth in Ohio Revised Code Sections 2919.22(A) and 2919.22(E)(2)(c). These incidents occurred at 535 North Elizabeth Street in Lima, Allen County, Ohio.

(Plaintiff State of Ohio's Response to Defendant's Request for Bill of Particulars, Docket No. 35).

**{¶18}** Riley argues that the bill of particulars establishes that the two offenses in this case were not committed separately, as the same date range was alleged as to when the offenses occurred and because, Riley claims, the bill of particulars combines all acts or omissions on Riley's part into a single allegation that resulted in harm and death to M.D. Upon review, we find Riley's argument to lack merit.

**{¶19}** As an initial matter, we note that Riley does not argue that multiple acts of Endangering Children did not occur in this case between approximately April 3, 2021 and April 12, 2021. Rather, Riley argues that based on the language of the bill of particulars, the State was precluded from arguing separate acts and offenses at sentencing.

**{¶20}** Following our own review of the bill of particulars, this Court does not agree with Riley's contention that the language contained in the bill of particulars served to somehow aggregate multiple acts or omissions on Riley's part into the allegation of a single act in support of the offenses charged in both counts of the indictment.

**{¶21}** Contrary to Riley's argument, the bill of particulars specifically alleges as to Count Two that Riley's daughter's death was the proximate result of Riley creating a substantial risk to the health and safety of M.D. through violating

Riley's duty of care, protection and support (i.e. committing the offense of Endangering Children) *in many ways*. The bill of particulars also alleged that those "incidents", in the plural, occurred at the address stated.

**{¶22}** More importantly, Riley has failed to present this Court with any citations to legal authority supporting her claim that the prosecution is strictly bound by the allegations set forth in a bill of particulars when arguing the issue of merger at sentencing, or that a trial court cannot rely upon supplemental information presented by the parties at sentencing when making a merger determination. On the contrary, in *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, the Supreme Court of Ohio found that the court of appeals had erred in concluding that a trial court is limited to considering only the State's theory of the case asserted at trial when assessing a defendant's conduct for merger purposes at the time of sentencing. The Ohio Supreme Court held that "[w]hen deciding whether to merge multiple offenses at sentencing pursuant to R.C. 2941.25, a court must review the entire record, including arguments and information presented at the sentencing hearing, to determine whether the offenses were committed separately or with a separate animus. *Id.*, at syllabus.

**{¶23}** In this case, we conclude that the State's recitation of the facts at sentencing supports the imposition of separate sentences based on separate conduct, if not also separate and identifiable harm, in light of the full week that M.D. clearly

-11-

suffered greatly and with no medical care, after having been initially injured by what had to have been a painful punch to her abdomen by her abuser. Beyond the language of the bill of particulars, Riley has not pointed to anything in the record overcoming the State's recitation of the facts at the time of sentencing and the State's assertion that the offenses at issue were committed separately. We therefore find no error in the trial court's decision not to merge the convictions for sentencing purposes.

{¶24} The assignment of error is overruled.

*Conclusion*

{¶25} Having found no error prejudicial to the defendant-appellant, Stayce Riley, in the particulars assigned and argued, the judgment of the Allen County Court of Common Pleas is affirmed.

**Judgment affirmed**

**ZIMMERMAN and MILLER, J.J., concur.**

**\*\*Judge Craig R. Baldwin of the Fifth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**