[Cite as *State v. Virgili*, 2025-Ohio-4931.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO,<br><br>      Plaintiff - Appellee<br><br>-vs-<br><br>ROBERT LEE VIRGILI,<br><br>      Defendant – Appellant | Case No. 2024 CA 0080<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Richland County Court of Common Pleas, Case No. 2023-CR-455<br><br>Judgment:   Affirmed<br><br>Date of Judgment Entry: October 28, 2025 |

**BEFORE:** Craig R. Baldwin; Kevin W. Popham; Robert G. Montgomery, Judges

**APPEARANCES:** JODIE SCHUMACHER, Prosecuting Attorney, for Plaintiff-Appellee; NADINE HAUPTMAN, for Defendant-Appellant.

*Baldwin, P.J.*

**{¶1}** The appellant, Robert Lee Virgili appeals his sentence on his convictions for attempted murder, kidnapping, intimidation of an attorney, victim, or witness in a criminal case, and tampering with evidence. The appellant's counsel has submitted an *Anders* Brief in which she offers as a potential assignment of error whether the trial court erred by failing to merge the appellant's offenses and by running the sentences consecutively. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

**{¶2}** On June 22, 2023, the Richland County Grand Jury indicted the appellant for:

- Count One – Attempted Murder in violation of R.C. 2923.02(A),

- Count Two – Kidnapping in violation of R.C. 2905.01(A)(3),

- Count Three – Kidnapping in violation of R.C. 2905.01(A)(2),

- Count Four – Felonious Assault in violation of R.C. 2903.11(A)(1),

- Count Five – Felonious Assault (with a crowbar) in violation of R.C. 2903.11(A)(2),

- Count Six – Felonious Assault (with a heavy chain) in violation of R.C. 2903.11(A)(2),

- Count Seven – Felonious Assault (with a chainsaw) in violation of R.C. 2903.11(A)(2),

- Count Eight – Intimidation of an Attorney, Victim or Witness in a Criminal Case in violation of R.C. 2921.04(B)(2),

- Count Nine – Intimidation of an Attorney, Victim or Witness in a Criminal Case in violation of R.C. 2921.04(B)(2), and

- Count Ten – Tampering with Evidence in violation of R.C. 2921.12(A)(1).

{¶3} On December 4, 2023, the appellant entered a plea of guilty to the indictment.

{¶4} On April 29, 2024, the trial court held a sentencing hearing. At the hearing, the trial court sentenced the appellant as follows:

- Count One – Attempted Murder – sentenced to ten to fifteen years,

- Count Two – Kidnapping – sentenced to ten years,

- Count Three – Kidnapping – merged with Count Two,

- Counts Four, Five, Six, and Seven – Felonious Assault – merged with Count One,

- Count Eight – Intimidation of an Attorney, Victim or Witness in a Criminal Case – sentenced to twenty-four months,

- Count Nine – Intimidation of an Attorney, Victim or Witness in a Criminal Case – sentenced to twenty-four months, and

- Count Ten – Tampering with Evidence – sentenced to twenty-four months.

{¶5} The trial court further ordered that the sentences be served consecutively for an aggregate term of twenty-six to thirty-one years in prison.

{¶6} The appellant filed a timely notice of appeal, and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In *Anders*, the Supreme Court of the United States held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id*. Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id*. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id*.

{¶7} The appellant's brief proposes the following potential assignment of error:

{¶8} "I. THE TRIAL COURT ERRED BY FAILING TO MERGE APPELLANT'S OFFENSES, THEREBY VIOLATING R.C. 2941.25, AS WELL AS BY SENTENCING

APPELLANT TO MAXIMUM TERMS AND ORDERING COUNTS 8, 9, AND 10 TO RUN CONSECUTIVE TO EACH OTHER, AND CONSECUTIVE TO COUNTS 1 AND 2, THEREBY VIOLATING R.C. 2929.14.

## I.

{¶9} In the sole proposed assignment of error counsel considers two issues: whether Counts One and Two should merge and whether consecutive sentences were properly imposed.

### (A) Merger

{¶10} The appellant proposes the trial court erred by failing to merge the Kidnapping charge with his Attempted Murder Charge. We disagree.

## STANDARD OF REVIEW

{¶11} Appellate review of an allied-offense question is de novo. *State v. Miku*, 2018-Ohio-1584, ¶70 (5th Dist.), citing *State v. Williams*, 2012-Ohio-5699, ¶12. The defendant bears the burden to establish that R.C.2941.25 prohibits multiple punishments. *State v. Washington*, 2013-Ohio-4982, ¶28.

## ANALYSIS

{¶12} R.C. 2941.25 protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions by prohibiting convictions of allied offenses of similar import:

> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶13} The application of R.C. 2941.25 requires a review of the subjective facts of the case in addition to the elements of the offenses charged. *State v. Hughes*, 2016-Ohio-880, ¶22 (5th Dist.). In a plurality opinion, the Supreme Court of Ohio modified the test for determining whether offenses are allied offenses of similar import. *State v. Johnson*, 2010-Ohio-6314. The Court directed lower courts to look at the elements of the offenses in question and determine "whether it is possible to commit one offense and the other with the same conduct." *Id*. at ¶48. If the answer is in the affirmative, the court must then determine whether or not the offenses were committed by the same conduct. *Id*. at ¶49. If the answers to the above two questions are yes, then the offenses are allied offenses of similar import and will be merged. *Id*. at ¶50. If, however, the court determines that the commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge. *Id*. at ¶51. The "accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without separate animus[.]" *State v. Rogers*, 2015-Ohio-4615, ¶3.

{¶14} *Johnson's* rationale has been described by the Supreme Court of Ohio as incomplete. *State v. Earley*, 2015-Ohio-4615, ¶11. The Court has further instructed lower courts to ask three questions when considering whether a defendant's conduct supports multiple offenses: "(1) Were the offenses dissimilar in import or significance? (2) Were

they committed separately, and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *State v. Ruff*, 2015-Ohio-995, ¶31.

{¶15} The Supreme Court of Ohio, in *State v. Logan*, 60 Ohio St.2d 126 (1979), established the following guidelines to determine whether to merge a kidnapping offense with another offense:

> Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

> Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

*Id*. at syllabus; *accord State v. Grate*, 2020-Ohio-5584, ¶108 (noting that even though *Logan* predates *Ruff*, the *Logan* guidelines still govern merger analysis involving kidnapping and other related offenses).

{¶16} We note that in *State v. Luff*, 85 Ohio App.3d 785 (6th Dist.1993), the Ohio Sixth District Court of Appeals found that kidnapping and aggravated murder were dissimilar when the victims were led into a barn and restrained with duct tape before being

murdered. Similarly, in *State v. Reynolds*, 80 Ohio St.3d 670 (1998), the Supreme Court of Ohio found the defendant acted with a separate animus in committing murder and kidnapping when the victim's hands were restrained "for a period of time" before she was killed. The same reasoning applies here: in the case at bar, the appellant lured the victim to a garage and locked him in the garage. He attempted to hogtie the victim with a tow chain, choked the victim with a chain or hose, beat and stabbed the victim with a crowbar, punched and kicked the victim repeatedly until he ran out of energy, and attempted to start a chainsaw. On a jail-house call, he said he wanted to beat the victim to show that he is tough. The appellant's actions constituting the Kidnapping conviction are dissimilar to the appellant's attempted murder of the victim with a chainsaw. The appellant, therefore, may be convicted of each offense.

### (B) Consecutive Sentences

{¶17} The appellant also proposes the trial court erred by imposing consecutive sentences. We disagree.

## STANDARD OF REVIEW

{¶18} An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *State v. Marcum*, 2016-Ohio-1002, ¶23. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954)., Thus, we may vacate or modify the appellant's sentence only if we find by clear and convincing evidence that the record does not support it.

**{¶19}** The issue of consecutive sentences was discussed by the Supreme Court of Ohio in the seminal case of S*tate v Bonnell*, 2014-Ohio-3177:

> On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." But that statute does not specify where the findings are to be made. Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.

*Id*. at ¶28. The issue was subsequently addressed by this Court in *State v. Corbett*, 2023-Ohio-556 (5th Dist.):

> We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22. In *State v. Gwynne*, a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony sentences under R.C. 2929.11 and R.C. 2929.12, while R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences. 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶16-18.

R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶28; *Gwynne*, supra, ¶16.

Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St.469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

*Id*. at ¶24-26.

**ANALYSIS**

**{¶20}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Dinka*, 2019-Ohio-4209, ¶36 (12th Dist.).

**{¶21}** The record reflects that the trial court considered the relevant statutory factors and properly imposed post-release control. The evidence shows that the appellant lured the victim to a garage, repeatedly punched and kicked him, beat and stabbed him

with a crowbar, hogtied him with a tow chain, choked him with a chain or hose, and attempted to start a chainsaw to kill him. Furthermore, the trial court noted the appellant's extensive criminal history. Given the brutality of the offenses and the appellant's criminal history, the record supports the trial court's imposition of consecutive sentences.

## CONCLUSION

{¶22} Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Richland County Court of Common Pleas.

{¶23} Costs to the appellant.

By: Baldwin, P.J.

Popham, J. and

Montgomery, J. concur.